(87 App. Div. 326.)

### H. KOEHLER & CO. v. BRADY.

(Supreme Court, Appellate Division, First Department.   November 13, 1903.)

1. SPECIFIC PERFORMANCE—DAMAGES—DECREE.

After a decree for specific performance in a suit seeking that remedy, the court has no authority to enter a judgment for damages, and appoint a referee to ascertain the same, on the ground that specific performance has failed.

2. APPEAL—NOTICE—INTERLOCUTORY ORDER—REVIEW.

Under Code Civ. Proc. § 1301, providing that where an appeal is from a final judgment, and appellant intends to review an interlocutory judgment or intermediate order, he must so specify in the notice of appeal, an appellant who has not specified that he intends to review an interlocutory order appointing a referee to determine damages, and awarding a recovery for the amount of damages as reported by the referee, cannot review that order on appeal from the final judgment, awarding damages.

Appeal from Judgment on Report of Referee.

Action by H. Koehler & Co. against James W. Brady.   From a judgment for plaintiff, defendant appeals.   Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Moses Weinman, for appellant.
Emanuel J. Myers, for respondent.

PER CURIAM.   The nature of this action and of the judgment here sought to be reviewed are stated in the former appeal, reported in 82 App. Div. 279, 81 N. Y. Supp. 695.   By the order or supplemental judgment of the Special Term dated October 15, 1901, it was ordered, adjudged, and decreed that the judgment entered in the action on the 31st day of December, 1897, and the judgment entered on the 21st day of May, 1900, be enforced and carried into execution as thereinafter provided in aid of and supplementary to the said judgments; that, specific performance of the judgments having failed, the plaintiff was entitled to compensation by way of damages, if any, by, or suffered for, the acts and misconduct of the defendant; and a referee was appointed to ascertain and determine the value, if any, of the certain lease of the premises set forth in the judgment, dated September 16, 1896, and to ascertain and determine the value, if any, of the personal property, if any, belonging to the plaintiff, in and upon the said premises on the 31st day of March, 1894; and it was further adjudged that the plaintiff recover of and have judgment against the defendant for the amount that the referee should determine as aforesaid.

We think this judgment or order had no relation to the enforcement of the original judgment, but sought to inject into a purely equitable action a demand for damages which had no relation to the relief originally asked for, which had been granted by the final judgment entered after a trial of the action.   The court, by final judgment, having awarded to the plaintiff the relief to which it was entitled, based upon a cause of action in equity, as alleged in the complaint, the enforcement of that judgment was the only relief in this

action to which the plaintiff was entitled; and the court was without authority to turn the action in equity, in which final judgment had been entered, into one for the recovery of damages, and then, in a summary way, appoint a referee to ascertain the damages, and give the plaintiff judgment therefor. It is not pretended that the defendant refused to comply with the judgment as entered; and, because plaintiff subsequently discovered that the judgment that he had asked for and which had been awarded him would be valueless, the court was not justified in turning the action into one for the recovery of damages, and depriving the defendant of his right to try that question in a manner that was assured to him by the Constitution. We think the whole proceeding erroneous and unauthorized.

It is claimed by the plaintiff, however, that the defendant having failed to appeal from this order or interlocutory judgment, and appealing only from the final judgment entered upon the report of the referee, he is estopped from questioning the validity of the interlocutory order. Section 1301 of the Code of Civil Procedure provides that where an appeal is from a final judgment, and the appellant intends to bring up for review thereupon an interlocutory judgment or an intermediate order, he must, in the notice of appeal, distinctly specify the interlocutory judgment or intermediate order to be reviewed. The defendant having failed to specify in his notice of appeal that he intended to review this order of October 15, 1901, we have no power to review the propriety of that order, and the only question upon the appeal from the final judgment would seem to be whether or not it correctly followed the interlocutory order or judgment of October 15th. That order adjudged to the plaintiff judgment against the defendant for the amount, if any, which the referee shall determine as thereinbefore provided. So far, therefore, as the final order or judgment awards a recovery against the defendant for the amount of damages reported by the referee, it is not subject to review on this appeal. All of the order or judgment appealed from, however, in addition to that which awards judgment in favor of the plaintiff against the defendant Brady for damages ascertained by the referee, was unauthorized by the interlocutory order of October 15, 1901, and to that extent the judgment appealed from must be modified by striking out all after the provision awarding judgment in favor of the plaintiff against the defendant Brady for the sum of $2,777.21; and, as so modified, the order or judgment appealed from is affirmed, without costs.